UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 04-cv-140-HRW

DAVID R. PHILLIPS,                                                               PLAINTIFF,

v.          <u>**MEMORANDUM OPINION AND ORDER**</u>

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his current application for disability insurance benefits on October 25, 2002  (Tr. 95-97), alleging disability beginning on October 16, 2002, due to a heart condition, varicose veins and nerve damage in his back .  This application  was denied initially and on reconsideration.   On October 8, 2003, an administrative hearing was conducted by Administrative Law Judge James D.

Kemper, Jr. (hereinafter "ALJ"), wherein Plaintiff, accompanied by a representative, testified (Tr. 24-61). At the hearing, Dwight McMillion, a vocational expert (hereinafter "VE"), also testified (Tr. 61-71).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On November 26, 2003, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 10-16). Plaintiff was 61 years old at the time of the hearing

decision (Tr. 11). He has a tenth- grade education (Tr. 11). His past relevant work experience consists of work as an owner/operator of a boarding house, factory manager and towmotor operator (Tr. 11).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability, although he continues to do limited work as co-owner/operator of a boarding house (Tr.11). The ALJ then determined, at Step 2, that Plaintiff suffered from coronary artery disease, angina and hypertension, which he found to be "severe" within the meaning of the Regulations (Tr. 12). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 12). In doing so, the ALJ specifically considered listings 4.00 and 4.03 (Tr. 13). The ALJ further found that Plaintiff could return to his past relevant work (Tr. 14). In addition, the ALJ determined that he has the following residual functional capacity ("RFC"):

> The claimant is able to lift or carry fifty pounds occasionally and twenty-five pounds frequently. He can occasionally climb ramps and stairs. He can never climb ladders, ropes or scaffolds. He should avoid concentrated exposure to extreme heat and cold.

(Tr. 14).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded

that the Plaintiff could perform limited range of medium work, such as kitchen worker, machine tender and security monitor (Tr. 14-15). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 14-15). Accordingly, the ALJ found Plaintiff not to be disabled at Step 4 and Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on June 7, 2004 (Tr. 3-5).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 8 and 9] and this matter is ripe for decision.

### III.  ANALYSIS

#### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d

383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.     Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to consider his varicose veins to be a severe impairment, (2) that the ALJ improperly discounted the opinions of his treating physicians and (3) the ALJ erred in finding that Plaintiff could perform his past relevant work.

**C.     Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ failed to consider his varicose veins to be  a severe impairment. In this case, the ALJ concluded that Plaintiff had

5

"severe impairments," namely, coronary artery disease, angina and hypertension but found that his varicose veins not "severe" as contemplated by the pertinent regulations.  Based upon the record, this Court finds that the ALJ's determination was based upon substantial evidence. The Court is mindful of the fact that the Step 2 severity regulation, codified at 20 C.F.R.  §§ 404.1520 and 404.1521, has been construed as a *de minimus* hurdle and that, in the majority of cases, "a claim for disability may not be dismissed without consideration of the claimant's vocational situation".  *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988).  However, the severity requirement is still recognized as a device with which to screen "totally groundless" claims on the basis of the medical evidence alone.  *Id.* at 863.

Although Plaintiff has varicose veins, the mere diagnosis of a condition says nothing about is severity.  *Higgs*, 880 F.2d at 863.  The pertinent inquiry is whether or not the condition is disabling.   The ALJ concluded that there was no objective evidence to indicate any complications.  The ALJ specifically noted that there was no evidence of venous insufficiency or treatment for leg pain (Tr. 12).  Plaintiff maintains that the existence of varicose veins precludes his ability to stand for prolonged periods.   In support of his argument, Plaintiff refers to the treatment notes of Dr. David Damron and Dr. Bobby Kidd.  However, neither physician ever indicated any limitation in Plaintiff's ability to stand.  At most. Dr. Damron noted

6

that Plaintiff experienced "some discomfort" while standing for ling periods, but imposed no restrictions as a result thereof (Tr. 150). Moreover, Dr. Kidd found no evidence of peripheral vascular insufficiency (Tr. 145). He also noted that Plaintiff could perform tandem gait and squat without difficulty (Tr. 147). Based upon the record, there appears to be no objective evidence that Plaintiff's varicose veins are disabling.

Plaintiff's second claim of error is that that the ALJ improperly discounted the opinions of his treating physicians. The Court is somewhat perplexed by this argument as there is no indication that the ALJ rejected or discounted the opinions of any of the treating sources. The ALJ's RFC appears to be consistent with the medical assessments of record. As such, Plaintiff's argument is without merit.

Finally, Plaintiff claims that the ALJ erred in finding that Plaintiff could perform his past relevant work. Specifically, Plaintiff argues that an individual with his limitations would not be able to perform the duties of his past work of owner/operator of a boarding house.[1] The Court disagrees. Plaintiff reported that as an owner/operator of a boarding house, he was required to lift twenty pounds occasionally and twenty-five pounds frequently and that he was never required to

---

[1] Plaintiff does not argue that that his work as owner/operator of a boarding house is not "past relevant work" as defined by the 20 C.F.R. §§ 404.1520(e) and 416.920(e).

climb (Tr. 102). The VE testified that, given Plaintiff's RFC, he would be able to perform the requirements of his past work as owner/operator of a boarding house as that work is generally performed (Tr. 65). Indeed, Plaintiff's past relevant work would be deemed "light" work which would necessarily be included in the RFC of medium work.

Plaintiff attaches DOT No. 355.377-018 sheet to his brief in an apparent attempt to bolster his argument. However, as the Defendant points out, this sheet contains job descriptions relating to unlicensed nursing and health care and have no relevance to the job in question. In fact, Plaintiff testified that while his wife has tended to the needs of some of the residents (Tr.67-68), there is nothing in the record to suggest that he participated in that care. The Defendant has submitted the DOT for the job of manager of a boarding house, No. 320.137-010 and it is consistent with the RFC as well as the VE's testimony's in this case.

The Court finds no error in the ALJ's finding that Plaintiff could continue in his capacity as co-owner/operator of a boarding house. Indeed, his decision is supported by substantial evidence on the record.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary

Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This June 8, 2005.

Signed By:
Henry R Wilhoit Jr.
United States District Judge